# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:01-CR-31-6 |
| | § | |
| QUENTIN LEONTA BROWN | § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On April 25, 2012, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Quentin Leonta Brown. The government was represented by Richard Moore, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Buck Files.

Defendant originally pled guilty to the offense of Conspiracy to Possess with Intent to Distribute and Distribution of Cocaine Base, a Class A felony. The offense carried a statutory maximum imprisonment term of life. The United States Sentencing Guideline range, based on a total offense level of 29 and a criminal history category of IV, was 121 to 151 months. On January 11, 2002, District Judge John Hannah, Jr. sentenced Defendant to 121 months imprisonment followed by 5 years supervised release subject to the standard conditions of release, plus special conditions to include access to any requested financial information and substance abuse testing and treatment. On July 6, 2010, Defendant completed the term of imprisonment and began his term of supervised release.

Under the terms of supervised release, Defendant was prohibited, in relevant part, from committing another federal, state, or local crime. In its petition, the government alleges that Defendant violated his term of supervised release when he was arrested by the Texas Department

of Public Safety on June 8, 2011, charged with Possession of Marijuana>5 lbs.<50 lbs.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by committing the offense of Possession of Marijuana>5 lbs.<50 lbs., a statutory sentence of no more than 5 years of imprisonment may be imposed. 18 U.S.C. § 3583(g)(1). Further, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). The Court shall then revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade B violation is 12 to 18 months. U.S.S.G. 7B1.4(a).

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to the government's petition. In exchange, the government agreed to recommend that Defendant serve 12 months and 1 day imprisonment with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court **RECOMMENDS** that Quentin Leonta Brown be committed to the custody of the Bureau of Prisons for a term of imprisonment of 12 months and 1 day, with no supervised release to follow, to be served concurrently with State case #241-1232-11, 241st District Court, Smith County.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 26th day of April, 2012.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE